PLANTERS' INSURANCE COMPANY *v.* CRAMER, HUME and McCOWN.

1. WRIT OF PROHIBITION.—Prohibition is a common law writ, issuable in England out of the superior courts of Westminster Hall, directed to the judge of any inferior court and parties to any suit there pending, commanding them to cease prosecution thereof, upon suggestion that the cause or some collateral matter therein does not originally belong to that jurisdiction, but to some other.  Grant v. Gould, 2 H. Black. 100.

2. SAME IN U. S.—As a part of the common law system this writ has been accepted in practice in the United States, and employed in practice whenever it is suited to the local judicial system, being in many of the states regulated by statute.  N. Y. 2 R. S. 587, § 61 ;  ex parte Smith, 23 Ala. 106.   Miller v. Marshall, 1 Va. Cas. 158, and other authorities cited.

3. GENERAL PRINCIPLE.—The writ ought not to be granted in any case where the law has provided other effectual remedies to prevent the mischief, as by *certiorari*, appeal or writ of error.

4. OFFICE OF WRIT OF ERROR.—It is well settled in this court that, except only in special cases provided by statute, writs of error lie to bring up for review only the final judgments and decrees of inferior courts.   Consequently, erroneous judgments made in the progress of causes, in the circuit court, must remain in abeyance, and can only be brought here for correction after final decision of the whole cause.

5. SUPREME COURT OF MISSISSIPPI—JURISDICTION.—The words of the constitution, (sec. 4, art. VI,) and of the statute, (code of 1871, § 409,) include in the jurisdiction of this court only such power as is revisory, and exclude all original jurisdiction ; and that the mode heretofore used for bringing causes into the court of last resort is continued under the existing laws.

6. CIRCUIT COURTS—JURISDICTION.—Under our judical system, the circuit courts are courts of original common law cognizance, nearly analgous to the courts of Westminster, and may in proper cases grant writs of prohibition ; as, for illustration, to municipal courts, justices of the peace, to the county courts, as those tribunals existed under the legislation of 1865.

ERROR to the circuit court of Warren county. BROWN, J.

The opinion of the court contains a statement of the case.

. The refusal of the court below to transfer the cause to the circuit court of Hinds county, 1st district, is assigned for error, and plaintiff in error moves the court for a rule upon the defendants and the judge of the circuit court of Warren county to show cause why a writ of prohibition should not issue commanding them to cease from the prosecution of said cause in said circuit court of Warren county.

*Nugent & Yerger,* for the motion.

*T. A. Marshall,* contra.

SIMRALL, J. :

An application has been made to us, for a rule against the judge of the circuit court of Warren county, and Cramer, Hume & McCown, plaintiffs in the suit, to show cause why a prohibition should not issue, against the further entertaining of the suit.

Prohibition is a common law writ issuable in England out of the superior courts of Westminster Hall, directed to the judge, and parties of a suit in any inferior court, commanding them to cease from the prosecution thereof, upon a suggestion that the cause originally does not belong to that jurisdiction, or some collateral matter arising therein; but to some other cognizance. The courts of the counties Palatine, county courts, courts baron, court of admiralty, ecclesiastical court, are of the class of inferior courts amenable to this writ. 3 Black. Comm. 112; 8 Bacon Abr. title Prohibition. The nature of the writ, and the grounds upon which it may be granted, are luminously stated by Lord

Ellenborough, in Grant v. Gould, 2 H. Black. 100, *et seq.* From time immemorial the courts of Westminster Hall have exercised a controlling authority over these inferior tribunals, for the purpose of preventing them from "exceeding the jurisdiction given to them," as where they assume to act in matters not within their cognizance. Another ground, which is said to be but a species of the first, is where "an act has been done, with respect to any authority resident in other courts." As where the authority is limited by act of parliament, the court which acted differently from the prescription of the act, was in that instance exceeding its jurisdiction, and therefore liable to a prohibition.

Lord Bacon, with Blackstone, Coke, and other accredited text writers, refers the right to issue the writ, to the "superintendency" of the courts of Westminster over all inferior courts, in order to prevent "innovation," an usurpation of power, not given them, or an excess of power, in reference to some collateral matter arising in the suit; the object being two-fold,—first, to hold the inferior courts within the limits prescribed to them ; and, secondly, to conserve a uniform rule, in all the courts, according to the common law, when the right involved is determinable by that law.

Anciently the writ of prohibition was an original writ, and like other original writs, could only issue out of chancery. The common law courts did not interpose, until the party to whom it was directed was in contempt for proceeding after he was served with the original. In later times that practice has become obsolete, and the application is now in the first instance made in the common law courts, stating the proceedings in the inferior court, and concluding with a prayer for the writ. Williams' notes to Croucher v. Collins, 1 Saund. 136.

Being a common law writ, it has been accepted in the United States as part of the system, and employed in

practice, wherever it is suited to the arrangement of the judicial system. In many of the states it has been regulated by statute. In New York, by 2 R. S. 587, § 61. So in Alabama. The supreme court may issue writs of injunction    *    *    "and other remedial and original writs as may be necessary to give it a general superintendence and control of inferior jurisdictions." In ex parte Smith, 23 Ala. 106, the writ was issued to the chancery court. In Virginia, prior to its regulation by statute, it was acted upon as a common law remedy. Miller v. Marshall, 1 Va. Cas. 158. In those states where positive enactment does not confer upon the appellate court original power to grant the writ, it seems to have emanated from the superior court of common law cognizance, with similar powers to those of the king's bench, exchequer chamber, and common pleas, and towards which there were other courts that bear the relation of inferior tribunals, as in May, Mayor, etc. v. James, 12 Grat. (Va.) 17, and Lawless v. Breeze, 3 Bibb. 479. In both of these cases, the proceedings were began in the circuit court, and writs of error were prosecuted to review the decisions of that court. It was said in the State v. Nathan, 4 Rich. (S. C.) 814, that the controlling power in South Carolina over inferior courts, was in the court of sessions, which exercised the like jurisdiction with the court of king's bench. It was further declared that so long as the inferior court had jurisdiction of the person and the subject matter, they are as the courts of general jurisdiction, citing, McKee v. Town Council, Rice, 24; Price v. Commoner, 3 Hill, 314.

Many cases hold the doctrine, that the reason upon which the writ is grounded, is necessity. A fundamental rule of the common law was, that there was no wrong without a remedy, and where there was no other redress for an excess of jurisdiction, this mode of remedy was allowed of necessity. The case of State v. Rigdell, 2

Bailey, 560, is a striking instance of this. Rigdell "had undoubtedly been guilty of larceny," which was punished corporally, but was convicted of burglary, which was a capital offence—no appeal or writ of error was allowed to review the judgment—and unless there was a remedy by this writ, a capital punishment would have been imposed in circumstances not warranted by law. The court say in the case in 4 Rich. *supra,* commenting on Rigdell's case, that if there had been any other remedy, (as by appeal or writ of error,) "it never would have been decided on prohibition." (The writ here was granted by the judge of the court of original jurisdiction, and brought up on error to supreme court.) A similar view is expressed in the People v. Wayne Co., 7 Mich. 404, that the writ ought not to be granted, to restrain any action which can be disposed of by appeal, or on error, or other ordinary method of review, without undertaking to concur in these views as an exact conformity to the common law. The case should be urgent, likely to result in great mischief, to warrant resort to this peremptory remedy, where the law has provided other effectual remedies to correct the mischief, as by *certiorari,* appeal, or writ of error. It is too well settled in this court to need a reference to the adjudications, that a writ of error will only lie to bring into review a final judgment of the circuit court. Certain classes of chancery orders may be examined on appeal, under special statute. Erroneous decisions of the circuit court, made in the progress of a cause, must lie in abeyance until final judgment, and can not be corrected here, until the case is brought up, after final decision. That order of the circuit court, refusing to transfer the suit to Hinds circuit court, can not be received and passed upon in this court, until that court shall have reached the final result of the suit.

It may be said that it were unfortunate if indeed the circuit court of Warren county has no jurisdiction to try

the case ; that this court has not the power to arrest the. proceedings, *in limine,* without awaiting the expense and delay of a trial on the merits.

Has the supreme court the jurisdiction to award the writ in this case, or any other, to the circuit court ? It is very clearly deducible from the history and nature of the writ, that it is an original proceeding, pertaining to a superior court of common law jurisdiction, by reason of having a supervision over courts of more limited and inferior cognizance. The accurate text writers give a detail of the mode of remedy—there may be a declaration, grounded in part on a fiction, there may be pleas and issues of law and fact, and appropriate judgment. In the case cited from 4 Bilb, the court held that the order for the writ was the inception of the suit, from which a writ of error would not lie. It did not emanate from the king's bench, common pleas, or exchequer, because of any appellate or revisory jurisdiction, but by reason of their being superior courts, of original jurisdiction. The text writers, Blackstone, Bacon, and Comyn, say that it may issue out of the court of chancery, because that court was the depository of all original writs, but it was returnable into the king's bench for further action.

By the constitution, the judicial power is vested in a supreme court, and such other courts of law and equity as are provided for in that instrument. Sec. 4, art. 6. " The supreme court shall have no jurisdiction, but such as properly belongs to the supreme court. Sec. 14, same art. " The circuit court shall have ' original ' jurisdiction in all matters, civil and criminal, but in civil cases only where the amount in controversy shall exceed $150." The 24th section confers on the legislature power to establish such other inferior courts as may be necessary, and to abolish the same at pleasure.

Sec. 409, code 1871, enacts, in the words of the constitution defining the jurisdiction of the supreme court,

and adds, "such pleas, plaints,    *    *    *    etc., etc.,
which are now pending therein, or which may be
brought before it from any circuit, chancery, or other
inferior tribunal, from which a cause can be removed by
law, by appeal or other legal mode, but no cause shall
be removed into it by appeal or otherwise until after
final judgment, except in cases particularly provided by
law." The scope of legislation in reference to the juris-
diction and practice of the court, in the various sections
of article 4, of the code, seems to contemplate an ap-
pellate and revisory cognizance. Incident to this, is
the right to try all motions, plaints, and issues, neces-
sary to the exercise of its appropriate power, and
necessary to the preservation of its dignity and the
enforcement of its orders. The language employed in
the new constitution defining the jurisdiction is a tran-
script of that in the constitution of 1832, substituting
the words "supreme court" for "errors and appeals."
We think the constitution and the statute meant by the
words, "jurisdiction which properly belongs to a su-
preme court," to exclude only such as was of a revisory
character, and to exclude all which was purely original.
The mode which has been heretofore used for the re-
moval of causes into this court of last resort, is continued
under the existing law. The right of removal is limited
to final judgment, "except in cases particularly pro-
vided for by law." There is no intimation in the
statute that this court may exercise original jurisdic-
tion, except in aid of its appellate power, where the
suit has been brought for review. Unless the claim to
a supervisory power over inferior jurisdictions, as ex-
erted by the superior courts in England, can be grounded
upon the words, "properly belongs to a supreme court"
as used in the constitution, it has no foundation. In
our view these words were intended to set forth the
supremacy of this tribunal over other courts, because of
its power to revise and review their judgments and de-

crees.   In this sense it is as to them supreme.   This interpretation is supported, when considered in connection with the grant of jurisdiction to the circuit courts, and chancery courts.   The former extends to "all matters civil and criminal in this state," (with a limitation as to amount in suit) and is declared to be ' original.' The latter embraces all matters of equity.  *    *"   The legislature may establish other tribunals inferior to these.   The circuit court, under one judicial arrangement, is a superior court of original common law cognizance, in the scope and extent of its powers, nearly analogous to the courts of Westminster, and may in a proper case, grant a writ of prohibition to any inferior court, as to the mayor's or other municipal court, to a justice of the peace, to the county court as constituted in 1865 but since abolished.   These courts are referred to, not for enumeration, but for illustration.   If this court could entertain the subject, there might be declaration, plea, demurrer, issue and trial in the mode recognized in the precedents.   See Williams' note to Saund. Rep. and 3 Bibb, *supra.*   The constitution and practice of this court is not adapted to such proceedings.   If the supreme court is a substitute for the high court of errors and appeals, and was meant by the constitution to be clothed with its powers and no more, the question is at rest adverse to the motion upon authority.   33 Miss. 52; 28 ib. 361; 40 ib. 29 ; 41 ib. 551; 37 ib. 553; 3 How. 54.

*Motion overruled.*