## LOUIS HOFFMAN vs. LEVI SIMON & CO.

1. GARNISHMENT: *Affidavit required. Code of 1871, § 874.*
   Where a judgment is obtained, and the plaintiff in the judgment desires a garnishment against a third person as a supposed debtor of the defendant, he

must make and file the affidavit required by the Code of 1871, § 874. It is indispensable. The mere recital in the writ that it was filed is not sufficient.

2. SAME: *Original process. Amount of judgment.*

A garnishment is an original process against the garnishee, and no judgment can be rendered against him for a larger sum than the judgment against the defendant.

ERROR to the Circuit Court of *Warren* County.

Hon. GEO. F. BROWN, Judge.

On the 7th day of December, 1869, the defendants in error, Levi Simon & Co., brought an action of assumpsit in the circuit court of Warren county against Caroline Loewenhaupt, as executrix of Isaac Loewenhaupt, deceased, to which she pleaded non-assumpsit, and on the 29th day of October, 1873, there was a judgment for the plaintiffs for the sum of $2,020.87 and costs, to be levied *de bonis testatoris*.

On the 9th day of June, 1874, a writ of garnishment was issued upon this judgment, against the plaintiff in error and others, returnable to the November term, 1874, which writ appears to have been personally served upon the plaintiff in error on the 13th day of the same month.

The record shows no suggestion or affidavit by the judgment plaintiffs for the writ of garnishment, as required by § 874 of the Code; and the writ, as issued, recites the judgment upon which it is founded as being for $220.87, instead of $2,020.87.

On the 24th day of November, 1874, judgment by default was rendered against the plaintiff in error, Louis Hoffman, as garnishee of the judgment debtor, Caroline Loewenhaupt, executrix, etc., upon this garnishment summons, for the full amount of the plaintiffs' demand, to wit, "for the sum of $2,020.87, with interest from the 28th day of October, 1873, at the rate of 6 per centum per annum, the same being the amount of the judgment," etc., in favor of Levi Simon & Co. against said Caroline Loewenhaupt, executrix.

There was also judgment, in the same entry, against the other garnishees, on answer filed.

The plaintiff in error complains of the rendition of the

judgment against him in this state of the record, and brings. his writ of error to reverse the same, and assigns for error :

1. That the court had no jurisdiction to render any judg-ment against him.

2. That, if it had jurisdiction, it erred in rendering judg-ment against him without the affidavit and suggestion required by law.

3. That, if it had jurisdiction, it erred in rendering judg-ment for more than $220.87, the amount mentioned in the garnishment writ.

*Buck & Clark,* for plaintiff in error :

The judgment in this case against the garnishee is void for want of jurisdiction in the court. It is an original action against the garnishee, and summary as to him and the judgment debtor. The garnishee is bound by his duty to his creditor and safety to himself to see that the law is pursued, and that there are no irregularities in the proceedings and judgment against him. Erwin *v.* Heath, 50 Miss., 795 ; Jeffries *v.* Harvey, 38 ib., 97 ; Ford *v.* Hurd, 4 S. & M., 683.

As to the two-fold character of the proceeding : Holman *v.* Fisher, 49 Miss., 476. The filing of the affidavit is an essen-tial *prerequisite.* Code of 1871, § 874. An attachment issued without the affidavit is void. Ford *v.* Woodward, 2 S. & M., 260 ; Ford *v.* Hurd, 4 ib., 683 ; Jeffreys *v.* Dancy, 44 Miss., 693.

The recital in the writ is not sufficient. Porterfield *v.* Butler, 47 Miss., 170 ; Erwin *v.* Heath, 50 ib., 799 ; Barker *v.* Shepherd, 42 ib., 277.

The judgment is erroneous because the judgment is by default, and for a larger sum than that stated in the writ of garnishment. See 39 Miss, 511 ; 30 ib., 127 ; 2 Cush., 163 ; Pickett *v.* Pickett, 1 How., 267.

[The reporters find no brief on file for defendants in error.].

Campbell, J., delivered the opinion of the court.

Defendants in error had a judgment for *$2,020.87,* and a.

writ of garnishment was issued against plaintiff in error, as a debtor of defendant in the judgment, which writ of garnishment recites that, whereas Levi Simon & Co. had recovered judgment for *$220.87*, etc., and had filed an affidavit, etc., and commands plaintiff in error to appear as garnishee, etc. The writ of garnishment was duly executed, and, the garnishee not appearing, judgment was rendered against him, as such, for $2,020.87, and interest on that sum from the date of the judgment on which the garnishment was issued.    There is no affidavit of plaintiff, or agent or attorney, in the record.

An affidavit by plaintiff, his agent or attorney, as required by § 874 of the Code, is a condition precedent to the issuance of a writ of garnishment, without which the clerk has no authority to issue it.    Neither he nor the court can dispense with it.    Nor can the recital by the clerk in the writ of garnishment supply the want of the affidavit which the statute requires.

The writ of garnishment is original process against the garnishee, and where it states the judgment on which it is issued to be for a given sum a judgment against the garnishee for a greater sum is erroneous.    He might well make default with knowledge that judgment would go against him for the sum stated in the writ of garnishment as the amount of the judgment, but, if he had not been misled by the process, would have appeared and answered.

The judgment against plaintiff in error, as a garnishee in the case stated, is reversed, and the writ of garnishment quashed.