## H. T. MARTIN v. W. H. HARVEY.

1. CIRCUIT COURT. *Jurisdiction. Garnishment on County Court judgment.*
    The Circuit Court may issue garnishment on a judgment of the County Court for less than $150, and render judgment against the garnishee.

2. GARNISHMENT ON JUDGMENT. *Not an original proceeding.*
    A garnishment on a judgment is not an original suit, within Const. art. 6, § 14.

3. CONSTITUTIONAL LAW. *Jurisdiction of Circuit over business of County Court.*
    The legislature has the constitutional power to confer on the Circuit Court jurisdiction to issue all processes and try all issues necessary to obtain satisfaction of County Court judgments.

4. GARNISHMENT ON JUDGMENT. *What are parts of record.*
    Executions on the judgment in the original suit are no part of the record of the garnishment proceeding; and, if copied into the transcript without bill of exceptions, will not be noticed by the Supreme Court.

5. SAME. *Service of writ.*

    The return on a writ of garnishment, "Executed personally on the within-named M., by handing him the within writ of garnishment," shows that a copy of the writ was given the garnishee, and will support a judgment by default against him.

ERROR to the Circuit Court of Lowndes County.

Hon. JAMES M. ARNOLD, Judge.

In the Lowndes County Court, W. H. Harvey recovered judgment, Oct. 15, 1869, for $119.22, against one Brown. A writ of garnishment, issued on Aug. 5, 1876, from the Lowndes Circuit Court, was returned : —

"Executed personally on the within-named H. T. Martin, by handing him the within writ of garnishment, this 17th day of August, 1876.

                                          " D. N. QUINN, *Sheriff.* "

And at the following October Term a judgment by default for $134.72 was rendered against said garnishee, who brings up the case, certain executions issued from the County Court on the judgment therein being copied into the transcript.

*Outlaw & Coleman,* for the plaintiff in error.

1. The executions issued from the County Court appear from the returns thereon to have been levied on enough property to pay the judgment. This was satisfaction, and the judgment against the garnishee is, therefore, erroneous. 7 How. (Miss.) 386 ; 4 S. & M. 118 ; 34 Miss. 291.

2. The Circuit Court had no jurisdiction over this garnishment for $119.22. All cases in which the amount was less than $150, on abolition of the County Court, were, by Act July 11, 1870 (Acts 1870, p. 83 *et seq.*), transferred to the Justice's Court. Sect. 5, p. 85, Acts 1870, which transfers judgments under $150 to the Circuit Court, is not constitutional. Code 1871, §§ 1302, 1337. Constitution, art. 6, §§ 14, 23.

3. The service of garnishment was bad, because no copy of the writ was left with the garnishee. This defect, in the case of *French* v. *State,* 53 Miss. 651, was held fatal to a judgment by default. The return "executed personally" is a mere legal conclusion, which the officer is not competent to reach. He must state the acts which he did, not their result. *Moore* v. *Coats,* 43 Miss. 225.

*Thomas B. Harvey*, for the defendant in error.

1. The executions are not part of the record; and, although copied into the transcript without a bill of exceptions, will not be noticed by this court. *Abbott* v. *Hackman*, 2 S. & M. 510; *Merrett* v. *Vance*, 6 How. (Miss.) 498; *Huston* v. *Hayter*, 6 How. (Miss.) 580; *McKnight* v. *Dozier*, 44 Miss. 606; *Ross* v. *Garey*, 7 How. (Miss.) 47; *Spawles* v. *Barnes*, 1 S. & M. 629; *Lee* v. *Bennett*, 31 Miss. 119; 33 Miss. 103.

2. The Circuit Court had jurisdiction of the garnishment. Acts 1870, p. 85, § 5. The statute is constitutional. Garnishment is not an original suit, within Const. art. 6, § 14.

3. As to the return, evidently the sheriff gave the garnishee a copy. Had he given him the writ itself, that paper would not have been returned into court. The fair import of the words is, that the officer handed the garnishee the substance of the writ; that is, a copy. Nothing appears to rebut the legal presumption that the officer did his duty. In a case of doubt it must prevail. The court will not indulge in nice criticism of the words used by a sheriff in his return to describe his acts. *Bacon* v. *Bevan*, 44 Miss. 293. It is sufficient that it can be fairly inferred from the return that he met the requirements of the law. If the sheriff gave him the original, the garnishee cannot complain, unless the copy is an improvement on the original, or gives information not furnished by the instrument from which it is copied. A defendant cannot complain that the service was better than the law requires. There was a substantial compliance with the statute. Code 1871, § 702. The spirit of its requirements has been met. The court will not destroy the equity of the law in observance of its letter. *Qui hæret in litera hæret in cortice*. *Eskridge* v. *Jones*, 1 S. & M. 595; *Foster* v. *Simmons*, 40 Miss. 585. The return in this case differs from the one in *French* v. *State*, 53 Miss. 651, because the *delivery* which appears in this return was negatived by that.

SIMRALL, C. J., delivered the opinion of the court.

The only question really presented by the record for decision is, whether the Circuit Court had jurisdiction to award the process of garnishment against the plaintiff in error, and to take

cognizance of proceedings arising thereon, and render judgment. The fifth section of the act of July 11, 1870 (Acts 1870, p. 85), makes it the duty of the clerk of the Circuit Court to enroll all judgments rendered by the County Court which were unsatisfied, and " to issue executions thereon, in the usual form, as though said judgment was rendered in the Circuit Court." Prior sections had directed appeals pending in the County Court to be transferred to the Circuit Court ; and all other pending suits to be transferred either to a Justice's Court or the Circuit Court, according as the amount in controversy might be. Such is the disposition of the business of the County Court, made by the act which abolished it.

The objection to the jurisdiction of the Circuit Court is predicated of the fourteenth section of the sixth article of the Constitution. That section confers on Circuit Courts *original* jurisdiction in all *civil* matters only when the principal amount in controversy exceeds $150. If the fifth section of the act of 1870 transferred *original* jurisdiction, and the amount in controversy did not come up to the constitutional standard, the Circuit Court could not take cognizance.

Was the proceeding against the plaintiff in error " original," in the meaning of the Constitution ? The interpretation which has been uniformly placed on that word in the Constitution of 1832 was, that it embraced suits begun in the Circuit Court. Without question, the legislature has empowered the Circuit Court to entertain, and decide *de novo*, appeals from justices of the peace, and to review their judgments on questions of law brought up by *certiorari*. Such appeals were not suits originating in the Circuit Court. Garnishment is in the nature of process of satisfaction, — a mode by which the credits and choses in action of the judgment debtor are subjected to the creditor's judgment ; though in some respects an original suit, yet it is a collateral proceeding, looking to the satisfaction of a judgment. It never has been questioned or doubted that the Circuit Court could issue whatever process may be needed for satisfaction of a judgment, in cases appealed from a justice of the peace, and try all incidental and collateral issues that may arise thereon. It may issue garnishment process, and may try issues involving the right to property which has been levied

on. A garnishment might give rise to all the contestations which could be litigated between the judgment debtor and the garnishee; just as if the former had sued as plaintiff to recover the debt the subject of the garnishment. And in this aspect it has the elements of an original suit. We simply mean to affirm that, in the sense of the Constitution, and without violation of the fourteenth section of the sixth article, it was competent for the legislature to assign to the Circuit Court power to issue final process on judgments which had been rendered by the County Court; and, as incidental to that, to issue all writs necessary to obtain satisfaction, such as *scire facias*, to revive the judgments, garnishment, and the like, and to try and decide all issues that might arise thereon.

There was no issue between the parties in the Circuit Court. The documents, commented on by counsel, copied into the transcript by the clerk are improperly there, and constitute no part of the record on this writ of error.

It is also assigned for error that the service on the plaintiff in error did not justify the judgment. Enough appears to satisfy us that a copy was given to the party.

*Judgment affirmed.*