## THE STATE *v.* H. C. BOOKER ET AL.

1. SUPREME COURT. *Execution.* *Claimant's issue.* *Replevin.*
   Owners of personal property taken in execution issuing from the supreme court, under a judgment between other persons, should not interpose claimants' issues, but bring actions of replevin against the officer executing the writ.

2. SAME. *Jurisdiction.* *Issues of fact.*
   Want of original jurisdiction in matters of fact (Code 1880, § 1412) prevents the supreme court from trying a claimant's issue ; and, therefore, the statute (Code 1880, § 2633), which prohibits actions of replevin in such cases, is not applicable if the officer holds under process of this court.

AN execution issued by the clerk of the Supreme Court of Mississippi, under a judgment of this court upon a forfeited bond for appearance on appeal was executed by the sheriff of Bolivar County, who took personal property supposed to belong to the sureties. Strangers to the record interposed claimants' issues, and executed claimants' bonds ; and the sheriff surrendered the property to them and returned the bonds with the process to this court.

*T. C. Catchings*, Attorney General, for the State, moved, orally, that the court should order the return quashed and an *alias* execution to be issued.

He argued that Code 1880, § 1774, providing for claimants' issues, was a part of the circuit court procedure, and applicable to that court alone, as its position in the code and the nature of the proceedings show; that the language of the Code 1880, §§ 2613, 2633, to the effect, when construed together, that the action of replevin shall be maintainable in any case of the seizure of property under execution, when a remedy is not given to claim the property by making claim to it in some mode prescribed by law, may be held to provide by implication that replevin can be maintained in a case like this one, but however that may be, the bonds taken by the sheriff are worthless, and the return is a nullity, unless this court will proceed to make up the issues and summon a jury to try them.

COOPER, J., delivered the opinion of the court.

Where an execution issues from this court and is levied upon personal property, it is not admissible for a third person, claiming such property, to interpose a claimant's issue thereto, but he should sue out his writ of replevin against the officer, who has the property in his possession.

This court has no power to try any issue of fact not necessary to be decided for the disposition of an appeal pending here. Code 1880, § 1412. Section 2633 of the Code, prohibiting actions of replevin in certain cases, is not applicable to cases in which property has been levied on by virtue of the process of this court, because no remedy is given to the claimant to interpose his claim by the statute; and he may therefore resort to an action of replevin. An *alias* writ of *fieri facias* should be issued.

*Ordered accordingly.*