W. L. GANONG *v.* TOWN OF JONESTOWN.

[53 South. 594.]

SUPREME COURT.  *Disobedience of mandate.  Jurisdiction.*

After the supreme court has reversed a judgment and ordered a mandamus to be issued from the court below, directed to the mayor and board of aldermen of a town, commanding them to pay to plaintiff a certain sum of money, or if there is an insufficiency of funds, to issue a warrant for such sum, and after the lower court had duly issued and served such mandamus, defendants neglect to comply with same, the lower court being the court charged with the execution of the judgment should punish for contempt.

Motion in supreme court by W. L. Ganong for a rule upon E. M. Wise et al., officers of the town of Jonestown, to show cause why an attachment for contempt should not issue against them.

A full statement of facts will be found in the opinion of the court.

*Tim E. Cooper,* for motion, *J. W. Cutrer,* opposed.

No brief of either counsel is found in the record.

SMITH, J., delivered the opinion of the court.

At a former term of this court the judgment of the court below herein was reversed, and such judgment rendered as ought to have been rendered by the court below. This judgment commanded that a writ of mandamus should issue, directed to the board of mayor and aldermen of the town of Jonestown, commanding said board that it forthwith pay over to the plaintiff herein, W. L. Ganong, the sum of seventeen hundred and seventy dollars and seventy cents, with interest at six per cent. per annum from said date on thirteen hundred and forty-six dollars and forty-five cents of said sum, and in default thereof, because of lack of funds, that the said board of mayor and aldermen of the said town of Jonestown should forthwith issue to the said W. L. Ganong a warrant for the sum of seventeen hundred and seventy dollars and seventy cents, with interest at six per cent. on thirteen hundred and forty-six dollars and forty-five cents thereof, and that it cause said warrant to be filed with the treasurer of the said town of Jonestown, and that said warrant, when so filed should have priority over all warrants or debts of said town of Jonestown which are or may be payable out of the general revenues of said town.

This judgment was certified to the clerk of the court below, in accordance with the uniform practice of this court and the provisions of section 4946 of the Code. Thereupon a writ of mandamus was issued by said clerk, and, according to the allegations of the petition herein, served upon the mayor and three members of the board of aldermen of the said town of Jonestown. Afterwards a petition was filed in this (the supreme) court

by W. L. Ganong, plaintiff in the original cause, which petition alleged "that the said named parties, composing said board of mayor and aldermen of said town, in contempt of this court, failed, neglected, and refused either to pay to the plaintiff the said sum of money or to issue the warrant as commanded. Plaintiff further moves the court for a rule upon said named parties, E. M. Wise, A. Solomon, J. T. Longino, and R. M. Wise, to show cause why an attachment for contempt should not be issued against them, and each of them, and that said rule be returnable on Saturday, the 5th day of November, 1910."

It is contended by the alleged contemnors that this court is without jurisdiction in the matter; that said jurisdiction is lodged only with the court below, the court charged with the execution of the judgment. As stated in the brief of counsel for petitioner: "This is a proceeding in civil contempt; that is, the party injured by refusal of the defendants to execute the judgment of this court invokes the power of the court in furtherance of his civil right." Any punishment inflicted in this proceeding would be for the purpose of coercing the alleged contemnors into holding for petitioner that which they have been ordered to do by the judgment rendered. Such punishment is simply a means of enforcing the judgment. It ought, therefore, to be inflicted by the court charged with the execution of the judgment. It is not necessary for us to decide whether this court has the power to execute its own judgments of the character herein involved; for in this instance it has not undertaken so to do, but in accordance with its uniform practice. (*Morton* v. *Simmons*, 2 Smedes & M. 601; *Railroad* v. *Watley*, 69 Miss. 475, 12 South. 558), and the practice of most, if not all, courts with appellate jurisdiction only, and the provisions of section 4946 of the Code, it has remanded the judgment for execution to the court of original jurisdiction. *Motion overruled.*