# SUPREME COURT OF MISSISSIPPI

AT THE

## OCTOBER TERM, 1914.

---

L. B. WYNNE *et al. v.* ILLINOIS CENTRAL RAILROAD
COMPANY.

[— South. —.]

1. WRITS OF PROHIBITION. *Constitution sections* 146-156. *Code* 1906,
   *section* 3241. *Supreme court. Power of court to issue writ.*
   Under Constitution 1890, section 156 and Code 1906, section 3241,
   a writ of prohibition can only be issued by a court of original
   jurisdiction and power so to do is only lodged with the circuit
   court.

2. SAME.
   Jurisdiction in supreme court is excluded by section 146 of the
   Constitution, under which that court is one of appellate juris-
   diction only.

Petition by Illinois Central Railroad Company to the
judges of the supreme court, at chambers, for the issu-
ance of a writ of prohibition.

The facts are fully stated in the opinion of the court.

(784)

*Mayes & Mayes,* attorneys for petitioners.

*McNeil & Loeb, contra.*

Smith, C. J., delivered the opinion of the court

This is a petition presented by counsel for the Illinois Central Railroad Company to the judges of this court, at chambers, for the issuance of a writ of prohibition.

It appears from the petition that there is pending in the circuit court of Copiah county a cause wherein the Illinois Central Railroad Company is defendant, and L. B. Wynne, et als., are plaintiffs; that on motion of plaintiffs an order has been entered by that court, under section 1003 of the Code, requiring the defendant to have certain of its books, papers, documents, etc., at Hazlehurst, Mississippi, on November 26, 1914, at ten o'clock a. m., for the inspection of the plaintiffs, and to allow them a reasonable time within which to make this inspection, and such copies thereof as they may desire. The petition then alleged that this order was void, for the reason that the circuit judge exceeded his authority in making it, setting forth particularly wherein this authority had been exceeded, and then proceeded, "Your petitioners further show to the court that there is no other adequate remedy which can be appealed to in this cause. The court has held that in an order of this sort there can be no appeal from the order itself. The penalties prescribed by the statute above referred to are so severe that your petitioner dare not disobey the order, even though it believes it to be void, because the risk, in view of the penalty imposed by the statute, is too great. This suit is for many thousand dollars, and if your petitioners should be in error in their view of the law, and refuse obedience to the order on the ground that it was void, the court below would enter judgment for the full amount sued for by the plaintiffs. Your petitioners show there is no appeal, no other writ known to the law, which would be effective to prevent the hardships imposed by

this order, except this court grant a writ of prohibtion. Wherefore, petitioners respectfully pray that this be done, and that the trial judge be restrained from enforcing this void order." The prayer of this petition was as follows: "Wherefore, the premises considered, your petitioners respectfully pray the court to issue a writ of prohibition addressed to the judge of the circuit court of Copiah county, directing him to cease from any attempt to enforce the order granted by him in the above case requiring us to produce the books called for in said order."

A writ of prohibition can only be issued by a court of original jurisdiction, and power so to do is by our Constitution and statutes lodged only with the circuit court. Constitution, Sec. 156; Code 1906, Sec. 3241; *Planters Insurance Co.* v. *Cramer, et al.*, 47 Miss. 200. Such jurisdiction in the supreme court is excluded by section 146 of the Constitution, under which that court is one of appellant jurisdiction only. *Planters Insurance Co.* v. *Cramer, supra; Ex parte Atkinson,* 58 So. 215; *Ill. Central R. R. Co.* v. *Dodd,* 61 So. 743; *Ex parte Pruitt,* 63 So. 225.

*Petition denied.*