Robertson, State Revenue Agent, v. Southern
Bitulithic Co. et al.

[92 South. 580. In Banc. No. 22910.]

1. Appeal and Error. *Court stenographer held not justified in refusing to file transcript in case appealed by state revenue agent unless fees were advanced or secured.*

The provisions of section 4743, Code of 1906 (Hemingway's Code section 7061), relieving the state revenue agent from liability for court costs, does not justify a court stenographer in refusing to file a transcript of the evidence in a case to be appealed by the revenue agent to the supreme court, unless his fee for so doing shall be paid or secured.

2. Courts. *Court stenographer did not relieve himself of duty of filing transcript of evidence by resignation.*

The resignation of a court stenographer under section 4795, Code of 1906 (Hemingway's Code, section 3148), does not relieve him of the duty of filing a transcript of the evidence taken down by him in a cause tried before he resigned.

3. Constitutional Law. *Legislature can give supreme court only appellate jurisdiction and other jurisdiction necessary to exercise of its powers.*

Under section 146 of the state Constitution, which provides that the jurisdiction of the supreme court shall be such as properly belongs to a court of appeals, the only jurisdiction which the legislature can confer upon the supreme court is to review and revise the judicial action of an inferior tribunal, and such incidental jurisdiction of a *quasi*-original character as is necessary to preserve its dignity and decorum and to give full and complete operation to its appellate powers.

4. CONSTITUTIONAL LAW. *Statute giving supreme court jurisdiction to punish official stenographer is unconstitutional.*

   Subsec. C of section 797, chapter 145, Laws of 1920 (Hemingway's Code, section 584), violates section 146 of the state Constitution for the reason that the jurisdiction therein conferred on the supreme court to punish the official stenographer of an inferior court for failing to file in the inferior court a transcript of the evidence taken down by him on the trial of a cause therein for use in the supreme court on appeal of the cause thereto is not in aid of the supreme court's appellate jurisdiction, and therefore is not such jurisdiction as properly belongs to a court of appeals.

APPEAL from chancery court of Harrison county.

HON. V. A. GRIFFITH, Chancellor.

Proceeding by Stokes V. Robertson, State Revenue Agent, against the Southern Bitulithic Company and others. From an interlocutory decree the state revenue agent appeals. On appellant's motion to punish court stenographer for refusal to make transcript of evidence. Motion dismissed.

*Stokes V. Robertson,* State Revenue agent, for the motion.

SMITH, C. J., delivered the opinion of the court.

The chancery court of Harrison county granted to Stokes V. Robertson, state revenue agent, an appeal to the supreme court from an interlocutory decree rendered in a cause wherein the revenue agent was the complainant and the Southern Bitulithic Company et al. were defendants. Within the time prescribed by law a notice was mailed by the attorneys of the revenue agent to R. P. Stockton, the official stenographer who took down the evidence introduced on the trial of the cause, that a copy of his notes was desired. Stockton declined to make and file a transcript of the evidence unless his fee for so doing was paid or secured, which the revenue agent declined to do. The ground of Stockton's refusal

to make and file a transcript of the evidence was that as the revenue agent was not liable for court costs he would be unable to collect his fee for making the transcript in event the revenue agent should lose the case in the Supreme court.

The revenue agent and his attorneys have filed a motion in this court under the provisions of section 797, subsec. C, 145, Laws of 1920 (Hemingway's Code, section 584), setting forth the foregoing facts, and praying that Stockton be cited to appear before this court and show cause why he should not suffer the penalty prescribed by the statute. The citation was issued by one of the judges of the court, and the cause now comes on to be heard on the motion. When this motion was filed the time allowed by law for the filing of the transcript of the evidence seems to have expired. After the mailing to Stockton of the notice to transcribe his notes of the evidence, and after he had declined to transcribe the notes unless his fee for so doing was paid or secured, he tendered his resignation as court stenographer to the chancellor of the district, who accepted it, and Stockton is now acting as the official court stenographer for the chancery courts in the district under *pro tempore* appointments by the chancellor under section 4794, Code of 1906 (section 3147, Hemingway's Code).

Section 4795, Code of 1906 (section 3148, Hemingway's Code), provides that:

"It shall not be lawful for the stenographer to resign or vacate his office so long as any business, upon the discharge of which he has entered, connected therewith is unfinished; but after such business has been completed as required by law, he may at any time resign or vacate his office; and his resignation shall take effect from the time he notifies the judge of the same."

Section 4743, Code of 1906 (section 7061, Hemingway's Code), provides that the revenue agent shall not be liable for court costs, and may appeal without bond, and contains no exception in favor of the fee of the stenog-

rapher for transcribing the evidence, the fee for which under section 797, subsection A, chapter 145, Laws of 1920 (Hemingway's Code, section 582), is to be taxed as a part of the costs of the case in which the evidence was taken down. Under these statutes it was Stockton's duty to make and file a transcript of the evidence taken down by him on the trial of the cause in which this motion is made, and his resignation did not relieve him of that duty. It follows, therefore, that he is subject to the penalties prescribed by the statute, that is to a fine and removal from office, unless the statute itself is invalid, which question we must now determine.

Under section 146 of the Constitution the Legislature can confer upon the Supreme court only "such jurisdiction as properly belongs to a court of appeals," and the proper jurisdiction of such a court is only "to review and revise the judicial action of an inferior tribunal" (3 C. J. 356; *Railroad Co.* v. *Dodd*, 105 Miss. 23, 61 So. 743, 49 L. R. A. [N. S.] 565), and such incidental jurisdiction "of a *quasi*-original character as is necessary to preserve its dignity and decorum and to give full and complete operation . . . to its appellate powers" (*Brown* v. *Carraway*, 47 Miss. 668; *Planters' Ins. Co.* v. *Cramer*, 47 Miss. 200).

We are not now called on to determine whether power can be conferred on this court to coerce the filing in another court of a transcript of evidence for use in an appeal to this court, for such power is a mere incident to that conferred by the statute here in question (section 797, subsec. C, chapter 145, Laws of 1920 [Hemingway's Code, section 584]), which is to try an official of another court for a dereliction of duty and to punish him, if found guilty, by a fine and removal from office. The power which the statute confers cannot be exercised until the time allowed the stenographer by law in which to file the transcript of the evidence has expired and the punishment to be imposed is for a failure to file, and not to coerce the filing of, the transcript.

The jurisdiction conferred, not being in aid of the appellate powers of this court, is not such as properly belongs to a court of appeals, and the section of the statute conferring it is void.

*Motion dismissed.*