ROBERTSON, State Revenue Agent, *v.* SOUTHERN BITULITHIC COMPANY.

(March 26, 1923.)

[95 South. 638. No. 22910.]

APPEAL AND ERROR. *Court stenographer required to file transcript when notified to do so.*

It is the duty of a court stenographer, under chapter 145, Laws of

1920, to file a transcript of the evidence taken down by him on the trial of a cause when notified so to do, and an order to the stenographer by the judge of the court in which the case was tried to file such a transcript is neither contemplated nor required by the statute.

APPEAL from chancery court of Harrison county.

HON. V. A. GRIFFITH, Chancellor.

Proceedings by Stokes V. Robertson, State Revenue Agent, against the Southern Bitulithic Company. From an order overruling a motion to require court stenographer to transcribe his notes and file them with chancery clerk, plaintiff appeals. Affirmed.

*J. F. Galloway* and *T. M. Evans,* for the motion.

SMITH C. J., delivered the opinion of the Court.

This cause was tried on oral evidence which was taken down by R. P. Stockton, the court's official stenographer, who was duly notified by the appellant to make and file a transcript thereof with the clerk of the court below, but declined so to do. The appellant then filed a motion in this court, praying that Stockton be dealt with in accordance with the provisions of subsection (c) of section 1, chapter 145, Laws of 1920, which attempts to confer upon this court the power to punish a stenographer for neglect of his official duty, but the motion was overruled, the court holding that subdivision of the statute invalid. *Robertson, State Revenue Agent,* v. *Southern Bitulithic Co.,* 129 Miss. 453, 92 So. 580. Afterwards a motion was filed with the judge of the court below, setting up the foregoing facts, and praying that Stockton be required to transcribe his notes of the evidence and file the same with the chancery clerk. This motion was, and we thinks correctly, overruled.

It was Stockton's duty under the law to file the transcript of the evidence, and an order from the judge or the court so to do is, not only not contemplated by the statute, but could add nothing to Stockton's duty in the matter. Chapter 145, Laws of 1920.

It is true that section 4793, Code of 1906 (Hemingway's Code, section 3146), which prescribes the punishment to be inflicted upon a stenographer for failing to file a transcript of evidence taken down by him, provides that:

"If any stenographer shall neglect or refuse to transcribe his official notes and to file such transcript within the time and in the manner required by law, or by order of the court or judge, he shall be liable," etc.; . . . but the words, "by order of the court or judge," therein refer to the order extending the time within which the transcript may be filed.

*Affirmed.*