EASTMAN-GARDINER NAVAL STORE CO. *v.* GREGORY.

(Division A. Feb. 23, 1932.)

[139 So. 626. No. 29760.]

**Leon Hendrix,** of Hazlehurst, for movant.

**Smith, C. J.,** delivered the opinion of the court.

On a former day of the present term the appeal in this case was dismissed, and a judgment was rendered against the appellant and the sureties on this supersedeas bond in accordance with section 3389, Code of 1930.

The costs incurred in the appeal have not been paid, and the judgment has not been certified to the court below, but the appellee, by motion, requests that the clerk of this court be directed to issue an execution on the judgment, not for the costs incurred in the appeal, but for the money adjudged to be due the appellee, citing as authority therefor the provisions of the section that

"execution may be issued thereon accordingly." The section reads as follows: "In case a bond have been given for a supersedeas, the judgment of the Supreme Court, on affirming the judgment or decree of the court below, or on a dismissal of the appeal by the appellant or the court, shall be for the money adjudged or decreed against appellant, and damages and costs, or for the specific property and damages and costs, or for the damages and costs, as the case may be, against all the obligors in the bond who may be living at that time, and execution may be issued thereon accordingly; and if any of the obligors be dead, his representatives may be summoned to show cause why judgment should not be rendered against them on the bond; and if good cause be not shown to the contrary, judgment shall be entered against them in like manner as against the living obligors, and certified to the court below, and execution may be issued thereon."

The section, when construed as a whole, seems to contemplate that a judgment rendered under it shall be certified to the court from which the appeal came, and that execution thereon shall be issued by the clerk of that court. Any doubt that could arise relative thereto is cleared up by section 3406, Code of 1930, which provides that: "Every final judgment or decree rendered in any cause by the Supreme Court shall be certified by the clerk thereof to the clerk of the court from which the cause was brought, or to which it is remanded, within twenty days after the rendition of the judgment, if the costs accrued in the Supreme Court shall be paid to him, including all costs for which he may issue execution."

These statutes, and their predecessors, have been uniformly interpreted by this court to require a judgment rendered by it in dismissing an appeal, affirming a judgment of the court below, or reversing it and rendering such judgment as the court below should have rendered,

to be enforced by the court from which the appeal came, after its certification thereto by the clerk of this court. Morton v. Simmons, 2 Smedes & M. 601; Montgomery v. McGimpsey, 7 Smedes & M. 557; Mobile & O. R. Co. v. Watly, 69 Miss. 475, 12 So. 558; Ganong v. Jonestown, 98 Miss. 265, 53 So. 594.

Overruled.