STATE *v.* KEETON.

(Division A.   Oct. 5, 1936.)

[169 So. 760.   No. 31931.]

C. S. Street, of Laurel, for garnishee, Eastman-Gardiner Co.

Heidelberg & Roberts, of Hattiesburg, for garnishee, Citizens Bank of Hattiesburg.

J. A. Covington, Jr., of Meridian, for garnishee, U. S. F. & G. Co.

Shannon & Schauber, of Laurel, for garnishee, First Nat. Bank of Laurel, Miss.

**Deavours & Hilbun,** of Laurel, for garnishee, Commercial National Bank & Trust Co. of Laurel.

**Welch & Cooper,** of Laurel, for Eloise Keeton.

**J. R. Buchanan,** of Laurel, for H. H. Fuller, administrator de bonis non of estate of Mrs. Daisy Keeton, deceased, garnishee.

**Stevens & Currie,** of Hattiesburg, for sureties, David F. McRae and Mrs. Maude K. McRae.

**Smith, C. J.**, delivered the opinion of the court.

The appellee appealed to this court from a judgment of conviction in a criminal case. The judgment was affirmed (167 So. 68, 175 Miss. 631), and a judgment was rendered against her and the sureties on her appeal bond for the costs of the appeal incurred in this court. This judgment was enrolled in the office of the clerk of the circuit court of Jones county.

On a suggestion by the district attorney of Jones county in which the criminal case originated, the clerk of the circuit court of that county issued writs of garnishment on the judgment against several parties com-

manding them to appear in this court and make the required statutory answers to the writs. These writs were served and various answers have been filed thereto, some admitting, and others denying, any indebtedness to the judgment debtor; one admits such an indebtedness, but states that other parties claim the fund, and prays that they be summoned to propound their claims thereto.

A motion has been made to quash the writs of garnishment, and another to quash the request for an interpleader.

We will assume that, if writs of garnishment may be issued upon a judgment rendered by the Supreme Court for the costs incurred on an appeal thereto, these writs of garnishment were properly issued. The question then is, Will a writ of garnishment lie upon such a judgment rendered by the Supreme Court?

Section 3014, Code 1930, provides that the clerk of the Supreme Court may issue executions for costs accrued in that court. Section 3408 contains a similar provision.

A garnishment, in one aspect, is a method for enforcing a judgment, but is not an execution, for no property is actually seized under it. 28 C. J. 19.

As to the garnishee, the writ of garnishment "appears to be purely original process; for it is the means by which he is summoned into court to answer to his indebtedness to the defendant in the judgment. It has the same effect upon him, if the proceedings be regular, as if he was sued by the defendant in the judgment upon his indebtedness to him." Jefferies v. Harvie, 38 Miss. 97; Erwin v. Heath, 50 Miss. 795; Hoffman v. Levi Simon & Co., 52 Miss. 302; and Martin v. Harvey, 54 Miss. 685. From this it necessarily follows that the clerk of the Supreme Court is not authorized, under section 3014, to issue writs of garnishment on a judgment, by that court, for costs incurred on appeal thereto.

Section 3032 provides that: "The clerk of the circuit court in whose office any judgment or decree shall be enrolled, may issue execution and writs of garnishment

thereon, directed to any lawful officer of his county, returnable before the court which rendered the judgment or decree.'' Was the clerk of the circuit court of Jones county authorized by this statute to issue these writs?

It is hardly possible that the Legislature intended to confer greater power on the clerks of circuit courts, with reference to the collection of costs on appeal to the Supreme Court, than it has conferred on the clerk of the Supreme Court itself.

Moreover, under section 146 of the State Constitution, the Supreme Court has no original, but only appellate, jurisdiction, Planters' Ins. Co. v. Cramer, 47 Miss. 200, 202; Brown v. Carraway, 47 Miss. 668; Illinois Cent. R. Co. v. Dodd, 105 Miss. 23, 61 So. 743, 49 L. R. A. (N. S.) 565; Robertson v. Southern Bitulithic Co., 129 Miss 453, 92 So. 580, and Brown v. Sutton, 158 Miss 78, 121 So. 835, and, as hereinbefore pointed out, a garnishment, in so far as the garnishee is concerned, is an original suit to recover a debt due by him to the judgment debtor. Such suits involve the trial of issues of fact, for which no jurisdiction has been conferred on the Supreme Court; its jurisdiction for the trial of such issues is conferred by section 3376, Code 1930, and is there limited to ''issues of fact which may arise out of any appeal before it and be necessary to the disposition thereof.'' The issues raised by these writs of garnishment do not arise out of the appeal to this court in the case in which it was issued, and are in no way necessary to its disposition. Section 3032, Code 1930, must therefore be construed as having no application to a judgment rendered in the Supreme Court for costs incurred therein. This holding is in accord with State v. Booker, 61 Miss. 16. In that case, an execution issued by the clerk of the Supreme Court on a judgment rendered by that court upon a forfeited appearance bond on appeal was levied on personal property, and a third party interposed a claim thereto. The court held that it was without jurisdiction to try such an issue, and that section 2633, Code 1880,

now section 3107, Code 1930, providing that, "The action of replevin shall not be maintainable in any case of the seizure of property under execution or attachment when a remedy is given to claim the property by making claim to it in some mode prescribed by law, but the person claiming must resort to the specific mode prescribed in such case, and shall not resort to the action of replevin," had no application to property seized under an execution issued on a judgment rendered by the Supreme Court. Under the law then, section 1774, Code 1880, now section 3424, Code 1930, a person not a party to an execution claiming property seized thereunder was authorized to interpose a claim thereto, and the issue thus raised tried by the court from which the execution issued. The court dismissed the claim and said that the claimant might "resort to an action of replevin."

Counsel suggest that, if this court cannot entertain the garnishment, and if it should have been made returnable to the circuit court (we presume of Jones county), the writ should not be quashed, but should be remanded to that court. We have no statute authorizing the issuance of process by the clerks of trial courts for the collection of costs incurred on an appeal to the Supreme Court. Section 3406, Code 1930, under which judgments rendered by this court on appeal thereto must be certified to the trial court and there collected, Eastman-Gardiner Naval Store Co. v. Gregory, 169 Miss. 782, 139 So. 626, does not apply to judgments for costs incurred in the Supreme Court, for that section expressly provides that such judgments shall be so certified, "if the costs accrued in the Supreme Court shall be paid to him," (the clerk of the Supreme Court). Moreover, under section 3032, Code 1930, a writ of garnishment issued by a clerk of the circuit court must be made returnable to the court which rendered the judgment on which the writ is issued.

The motion to dismiss this garnishment will be sustained.

So ordered.