## BYRON LEMLY v. STATE.

APPEAL.    *Before sentence premature.*    *Code* 1880, § 2314.

Section 2314, code 1880, providing for appeals to the supreme court by any person *convicted* in the circuit court of any offense, does not authorize an appeal before sentence or judgment, although there has been a verdict of guilty.

FROM the circuit court of the first district of Hinds county. HON. J. B. CHRISMAN, Judge.

Appellant, Lemly, a druggist, was indicted, presumably under § 1109, code 1880, for unlawfully selling vinous and spirituous liquors—namely, alcohol—in less quantities than one gallon. The defense mainly relied on was, that alcohol is not a vinous or spirituous liquor within the meaning of the statute, and that its sale was as a medicine, and, therefore, not unlawful.

There was a verdict of guilty, and motions for a new trial and in arrest of judgment were overruled; but, as the indictment was one of many involving the same questions of law, the court suspended sentence, to give opportunity for appeal,

if desired by accused, in order that the legal points, involved might be passed upon.

This appeal having been taken, was dismissed by this court of its own motion, and without written opinion, because no judgment or sentence had been rendered by the circuit court. Thereupon, counsel for appellant filed a suggestion of error, which elicited the response here given.

*Calhoon & Green,* for appellant.

The popular sense is, that the verdict, with motion for new trial overruled, is a conviction. The jury convicts, the court sentences. The statute is presumed to follow the popular signification. "Conviction" is used in contradistinction to "final judgment." Conviction occurs before sentence, and it so appears all through the code chapter on crimes and misdemeanors. The right of appeal is given to any one "convicted of any offense." Character is involved, and the stigma of conviction might rest indefinitely, if a judge postponed sentence.

*C. M. Williamson,* on the same side.

Section 2314, code 1880, gives the right of appeal to any person *convicted* of an offense. In this case, the judgment of guilty is entered, and the judgment suspends sentence. From this judgment, based on the verdict, the accused had the right to appeal. He has the right to be relieved of the odium of conviction, and the court cannot take away his right by withholding sentence.

*T. M. Miller,* attorney-general, for the state.

WOODS, J., made this response to the suggestion of error filed to the former judgment of the court :

Section 2314, code of 1880, the same being a part of chapter 63 of the code, entitled "An act in relation to appeals," gives to any person convicted of any offense in a circuit court, an appeal to the supreme court.

The contention is that any person convicted by verdict of a jury may appeal, even before, and in the absence of, any sentence or judgment of the court upon the finding of the jury.   Despite the technical refinements of a few courts holding to this, based chiefly upon the distinctions, under the old common law, between the consequences of conviction by verdict and attainder under sentence, the current of authority and the strength of reason is against the contention. But, however this may be, there is left in this state no room for doubt as to the meaning of the word "conviction," as used in the chapter of the code referred to.

Section 2335, of the same chapter, declares that "appeals in criminal cases shall not stay the judgment or sentence appealed from," unless bond shall be given, etc.

Section 2339 says: "In all cases of conviction of a misdemeanor, an appeal, taken as aforesaid, shall stay the judgment appealed from," and shall operate as a *supersedeas*, as therein prescribed.

It thus seems perfectly clear that the appeal referred to in § 2314 lies only from the judgment or sentence of the court.

*Denied.*