## LANG *v.* STATE.

No. 41518 April 18, 1960 119 So. 2d 608

*Jeff Collins,* Laurel, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

## ON MOTION OF STATE TO DISMISS APPEAL
### AND REMAND FOR FINAL JUDGMENT

ETHRIDGE, J.

Appellant Theldor Lang was indicted for the crime of rape. After trial, the jury, on December 18, 1958, found him guilty, but was unable to agree as to the punishment. On December 19, the Circuit Court of Jones County, Second Judicial District, entered a judgment of

conviction based upon the jury verdict, and sentenced Lang to life imprisonment.

On December 29, defendant's counsel filed a motion to set aside the conviction and sentence, on the ground that Lang was then insane; and requested the court to order an examination of him at the Mississippi State Hospital at Whitfield.

On January 12, 1959, the circuit court entered an order pursuant to defendant's motion and suggestion of insanity. It directed that Lang be placed in the custody of the superintendent of the Whitfield hospital for psychiatric examination. This was done. On July 29, 1959, the record reflects a letter to the Circuit Judge from Dr. W. L. Jaquith of the Mississippi State Hospital, in which he states that, after extended examinations by the staff, they concluded Lang is a mentally ill person, with a diagnosis of schizophrenic reaction, paranoid type." Jaquith could not determine at what time this mental illness began. He stated that Lang would be held in the institution for treatment, and, if and when he recovers, he would be returned to the custody of the penitentiary authorities.

On October 29, 1959, the circuit court entered an order which states that after the verdict the court had a question in its mind as to the defendant's sanity, so he was sent to Whitfield for examination, and the doctors found him to be insane. The court ordered the "sentence should be set aside, but not the verdict of the jury", since there was no question raised as to defendant's sanity at the time of the verdict. It ordered, "without objection of counsel", that Lang be returned to Whitfield "for treatment and confinement pending a final disposition of the case;" and that he should be confined at the hospital until he regains his sanity, at which time he will be remanded to the Sheriff of Jones County, and brought back before the circuit court for the imposition of sentence.

Lang has undertaken to appeal in this posture of the case, with sentence having been set aside by the circuit court pending Lang's recovery from mental illness. The State filed the motion with which we are presently concerned, to remand this case to the Circuit Court of Jones County, on the ground that there is no final judgment from which an appeal can properly be taken at this time.

The appellate jurisdiction of this Court is directed to appeals from "final judgment in the court below". Miss. Code 1942, Sec. 1945. Manifestly this appeal is not from a final judgment of the circuit court. That tribunal declined to set aside the verdict of the jury, but did set aside its sentence, found Lang insane, sent him to Whitfield for treatment, and when and if he regains his sanity, directed the State Hospital to remand him to the circuit court for imposition of sentence. Without the sentence there is no final judgment.

 █ It is well settled in this state that an appeal cannot be taken from a verdict of the jury without the judgment and sentence of the court having been rendered. The appeal must be from the judgment and sentence of the trial court. Lemly v. State, 69 Miss. 628, 12 So. 559 (1892). █ There was no final judgment in this case, only the verdict of the jury, so it is manifest we are without jurisdiction at the present time, and should dismiss the appeal and remand the case to the circuit court. Hayden v. State, 81 Miss. 55, 32 So. 922 (1902).

Somewhat analogous is Musselwhite v. State, 215 Miss. 363, 60 So. 2d 807 (1952), in which there arose a supervening insanity of the convict. On a petition for a writ of corum nobis to stay Musselwhite's execution, this Court ordered a stay "until such time as he may properly be adjudged to have regained his sanity".

Motion of state to dismiss appeal and remand case to circuit court sustained.

All justices concur, except *Roberds, J.,* who took no part.