278 So.2d 427 (1973)
L.R. MURPHREE, M.D.
v.
Imogene HUDNALL, d/b/a Discount Furniture Mart.
No. 47139.
Supreme Court of Mississippi.
May 28, 1973.
Houston, Chamberlin & Houston, Aberdeen, for appellant.
Parker, Randle & Winston, P.A., Whitman D. Mounger, Tupelo, for appellee.
GILLESPIE, Chief Justice:
Imogene Hudnall, d/b/a Discount Furniture Mart, plaintiff, filed suit in the Circuit Court of Monroe County against L.R. Murphree, M.D., defendant, to recover for merchandise sold Dr. Murphree. Defendant admitted the debt but filed a counterclaim against plaintiff. The case went to trial and the jury returned a verdict in favor of plaintiff. Defendant appealed.
The sole question raised is whether the trial court erred in sustaining an objection by plaintiff to the introduction of a record claimed by defendant to show the conviction of Sam Hudnall, plaintiff's husband and chief witness, of the crime of false pretense. The question arose in the following manner. Mr. Hudnall was asked on cross-examination whether he had ever *428 been convicted of any crime. He answered, "I don't think so, I have been charged but I have never been convicted." His attention was called to the October 1962 term of the Circuit Court of Chickasaw County. He stated that he had been charged in that court with false pretense resulting in a mistrial, and that thereafter on the advice of his attorney he pleaded nolo contendere "and it was dropped." At this point counsel for defendant offered a certified copy of an order of the Circuit Court of the Second Judicial District of Chickasaw County dated October 22, 1962, as follows:
This case was called in open court on the charge of false pretense, and the defendant in open court withdrew his plea of not guilty and entered a plea of nolle contindre [sic] to the said charge.
It is, therefore, the judgment of the court that the defendant is found guilty of the charge of false pretense, whereupon the court ordered the passing of sentence deferred until further order of the court.
Outside the presence of the jury, this order was tendered and marked for identification only.
Under Mississippi Code 1942 Annotated section 1693 (1956), any witness may be impeached by showing "his conviction of any crime." We are of the opinion that the trial court properly sustained the objection to the introduction of the order of the Chickasaw County Circuit Court. The witness testified that he had been charged with false pretense, had entered a plea of nolo contendere, and that the matter had been dropped. The order offered in this case was not a final order but was a record of the withdrawal of a plea of not guilty and entry of a plea of nolo contendere. The order then stated that the "defendant is found guilty of the charge of false pretense," and deferred sentence until further order of the court. The order shows on its face that it is an interlocutory order. It is not known what final disposition was made of the case thereafter. The final order of the Circuit Court of Chickasaw County may or may not show that the charge was dismissed. We hold that the correct rule is stated in City of Boston v. Santosuosso, 307 Mass. 302, 30 N.E.2d 278 (1940), where it was said that nothing less than a final judgment, conclusively establishing guilt, will satisfy the meaning of the word "conviction" as used in the statute of that state. See also Commonwealth v. Finkelstein, 191 Pa.Super. 328, 156 A.2d 888 (1959).
We do not reach the question whether a final judgment sentencing a defendant under a plea of nolo contendere is a "conviction" within the meaning of section 1693.
Affirmed.
INZER, SUGG, WALKER and BROOM, JJ., concur.