PATTERSON, Chief Justice, for the Court:
On April 6, 1978, Ellis V. Warren filed a bill of complaint in the Chancery Court of Madison County, seeking payment for services rendered by Warren in remodeling the Smith-Vaniz residence. Warren’s cause of action accrued on July 31, 1975, when after completing the services he demanded payment.
Properly finding the bill outside the jurisdiction of the chancery court, the chancellor transferred the action on August 23, 1978, to the Circuit Court of Madison County, where the pleadings lay dormant until April 16, 1979, when Mr. and Mrs. Smith-Vaniz filed a motion to dismiss because of Warren’s failure to file a declaration within thirty days of the transfer as required by Mississippi Code Annotated section 11-1-39 (1972). Evidently attempting to overcome his tardiness, Warren filed a declaration on *1089 the original cause of action on April 23, 1979. Later, May 4,1979, the court entered its order sustaining the motion to dismiss without prejudice. Thereafter Mr. and Mrs. Smith-Vaniz answered the declaration, which had been given a new docket number, and asserted a plea in bar invoking the three-year statute of limitations on open accounts. On June 12, 1979, the court sustained the plea in bar, stating that it had “dismissed [the case] on May 4, 1979, because the declaration had not been filed within the time ordered by [MCA § 11-1-39 (1972)] after the case was transferred from the chancery court.” Warren appeals this decision.
The dispositive statute follows:
§ 11-1-39. Proceedings in transferred causes.
When the papers have been deposited in the court to which the cause was transferred, all the parties to the proceeding shall take notice of the fact of the transfer; and the complainant or plaintiff shall file his declaration or bill in the court to which the cause was transferred within thirty days, unless the court, judge, or chancellor shall restrict the time or grant further time; and the defendant shall plead within thirty days thereafter, unless the time, by like means, be restricted or extended. And the cause shall be proceeded with as if it had been originally begun in that court, as of the date on which the cause was originally instituted (emphasis supplied).
The statute employs mandatory language directing the litigant who instituted the transferred suit to prosecute his cause promptly at peril of dismissal. The complainant must either amend his pleadings or move for additional time within thirty days of the transfer. In this case Warren did neither, and his belated attempt to cure the delay by filing a declaration more than seven months after the date of the order came too late, in our opinion. Although we think the order of dismissal should have been with prejudice, this error was cured by the circuit judge’s later order of June 12 sustaining the plea in bar.
We note in passing that the general one-year “savings statute,” Section 15-1-69 (1972), vis-a-vis Section 11-1-39 (1972), creates a somewhat anomalous situation, placing litigants whose actions have been transferred in a- more restrictive position with respect to time than litigants whose actions have been dismissed outright for other “matters of form.” However, the specific statute supersedes the general to the extent of any discrepancy, and the legislature in Section 11-1-39 specifically laid down a thirty-day limit for the filing of pleadings required in transferred actions. In failing to observe that limit, Warren did not abide by the express legislative intent. He therefore cannot now complain that the circuit court held his action barred.
AFFIRMED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.