398 So.2d 659 (1981)
COMMERCIAL NATIONAL BANK
v.
FLEETWOOD HOMES OF MISSISSIPPI, INC.
No. 52628.
Supreme Court of Mississippi.
May 27, 1981.
L. Carl Hagwood, Campbell & DeLong, Philip B. Terney, Robertshaw & Merideth, Greenville, for appellant.
Jerome C. Hafter, Lake, Tindall, Hunger & Thackston, Greenville, for appellee.
Before PATTERSON, C.J., and SUGG and WALKER, JJ.
*660 SUGG, Justice, for the Court:
The appellee, Fleetwood Homes of Mississippi, Inc., filed a bill of complaint in the Washington County Chancery Court on November 10, 1978. On November 9, 1979, the cause was transferred by order of the chancery court to the circuit court upon a finding by the chancellor that appellee had an adequate remedy at law. On December 10, 1979, the entire court file was transferred from the chancery clerk's office to the circuit clerk's office and the circuit clerk marked the cause filed. Appellee did not file a declaration in the circuit court within thirty days after the cause was transferred; however, discovery continued after the transfer and appellee had the case set for trial.
On July 1, 1980, appellant, Commercial National Bank, filed a motion to dismiss on the ground that appellee failed to file a declaration within thirty days of the transfer of the case from chancery court to circuit court as required by section 11-1-39 Mississippi Code Annotated (1972).[1]
The circuit court dismissed the case without prejudice and appellant argues on direct appeal that the dismissal should have been with prejudice. Appellee filed a cross-appeal solely to preserve its alternative positions that the circuit court should have held (1) appellee had complied with section 11-1-39, or (2) if the pleadings filed by appellee were defective, appellee should have been permitted to amend by filing a declaration. Appellee concedes its cross-appeal should be considered only if we hold the dismissal without prejudice was error.
Appellant relies on Warren v. Smith-Vaniz, 382 So.2d 1088 (Miss. 1980). In that case Warren filed a bill of complaint on April 6, 1978, on a cause of action which accrued on July 1, 1975. The case was transferred to the circuit court on August 23, 1978, where the pleadings lay dormant until April 16, 1979, when the defendants filed a motion to dismiss because Warren failed to file a declaration within thirty days of the transfer as required by section 11-1-39. Warren filed a declaration on April 23, 1979, which was given a new docket number, and defendants asserted a plea in bar to the declaration invoking the three year statute of limitations on open accounts. On May 4, 1979, the court entered its order in the transferred cause sustaining the motion to *661 dismiss without prejudice. On June 12, 1979, the court sustained the plea in bar stating it had dismissed the case on May 4, 1979, because a declaration had not been filed within the time required by section 11-1-39.
The issue before the Court in Warren, supra, was whether the trial court properly sustained the plea in bar. The question of whether the case which had been transferred from chancery court to circuit court should have been dismissed with prejudice was not before us on appeal.
Appellant relies on the following statement in Warren:
Although we think the order of dismissal should have been with prejudice, this error was cured by the circuit judge's later order of June 12 sustaining the plea in bar. (382 So.2d at 1089).
This statement was not necessary for decision of the issue then presented to the Court. The only issue was whether the three year statute of limitations had run between the accrual of the cause of action on July 1, 1975, and the filing of the declaration on April 23, 1979.
The decision in Warren was rendered on April 23, 1980, after the present case had been transferred to circuit court. Before Warren was published in the June 5, 1980, Southern Reporter Advance Sheet, appellant had not raised any objection to the transfer procedure. The case had been set for trial on July 28, 1980, at 9:00 a.m. by an order entered during the May, 1980 term continuing the case and granting a definite presetting for the July, 1980 term.
Appellee argues that dismissal with prejudice would cause a grossly inequitable result in barring a viable cause of action, well within the statute of limitations, on the basis of alleged technical defects in the form of the pleadings. Appellee contends that if section 11-1-39 is construed to require dismissal with prejudice of any cause of action from chancery to circuit court, or vice versa, when the plaintiff or defendant has not filed an amended pleading to comply with the rules of pleading in the transferee court, such construction would make the statute highly penal.
Mississippi jurisprudence does not favor penal statutes and in Quick Shops of Mississippi, Inc. v. Bruce, 232 So.2d 351 (Miss. 1970), we held that it is a fundamental principle of statutory construction that statutes penal in nature must be strictly construed. In Entrican v. King, 289 So.2d 913, 914 (Miss. 1974) we said:
Since penalties are not favored in the law, no penalty will be imposed unless it shall be clearly provided for, and statutes will be strictly construed against the imposition of penalty.
If we construe the statute as contended by the appellant, and as indicated by our decision in Warren, the statute would be highly penal. This is particularly true because the statute, if so construed, would cause a forfeiture, on procedural grounds, of a viable cause of action.
Section 11-1-39 does not provide for a dismissal of the action where the plaintiff or complainant fails to file his declaration or bill of complaint in the transferee court. If a complainant or plaintiff fails to file his declaration or bill in the court to which the case has been transferred within thirty days or within such time as the transferee court shall fix, the case would be in the same posture as if no case had been filed and would be subject to dismissal without prejudice.
The statute was not intended as a penal statute and we should not give it a construction which would make it penal so as to defeat a viable cause of action or a defense on procedural grounds. We therefore hold that a case transferred from circuit to chancery court, or vice versa, shall stand dismissed without prejudice if the complainant or plaintiff fails to file his declaration or bill in the transferee court within thirty days or within the time fixed by the transferee court.
We therefore decline to follow the dictum in Warren quoted above and affirm the action of the trial judge in dismissing the case without prejudice.
*662 We do not reach the cross assignments of error because they were filed solely to preserve the alternative positions of appellee.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.
NOTES
[1] § 11-1-39. Proceedings in transferred causes.

When the papers have been deposited in the court to which the cause was transferred, all the parties to the proceeding shall take notice of the fact of the transfer; and the complainant or plaintiff shall file his declaration or bill in the court to which the cause was transferred within thirty days, unless the court, judge, or chancellor shall restrict the time or grant further time; and the defendant shall plead within thirty days thereafter, unless the time, by like means, be restricted or extended. And the cause shall be proceeded with as if it had been originally begun in that court, as of the date on which the cause was originally instituted.