WALKER, Justice,
for the Court:
Appellee, Jesco, Inc., instituted the proceedings in this case by filing a bill of complaint for discovery and other relief in the Chancery Court of Scott County seeking a money judgment against appellant, Central Grain & Supply Company, Inc., and seeking to establish and enforce a claim for a construction lien against the property of Central Grain upon which a grain receiving and shipping station had been built by Jes-co.
Jesco filed a notice of construction lien in the office of the Chancery Clerk of Scott County on the day suit was filed, December 1, 1976.
Appellant, Central Grain, answered Jes-co’s bill of complaint. Thereafter, discovery was begun and conducted by both Central Grain and appellee, Jesco.
On February 8, 1979, pursuant to Central Grain’s “motion to strike prayer to enforce construction lien or in the alternative to transfer cause to circuit court,” the chancellor transferred the cause to the Circuit Court of Scott County. On February 13, 1979, the Chancery Clerk of Scott County entered his clerk’s certificate of transfer, whereby he deposited the papers which had originally been filed in chancery court with the office of the circuit clerk. Discovery proceedings continued. However, no declaration was filed by Jesco within the thirty-day period required by Mississippi Code Annotated section 11-1-39 (1972).[1]
*881 Thereafter, appellant filed a motion to dismiss and plea in bar asking that the cause be dismissed, because nineteen months had passed since the cause was transferred and no declaration had been filed.
Approximately twenty months after this cause was transferred from chancery court to circuit court, Jesco filed its declaration within said cause in the Circuit Court of Scott County, seeking a judgment against appellant and seeking to enforce its claim for a construction lien against appellant’s property.
Central Grain continued to raise Jesco’s failure to file a declaration in the circuit court within thirty days after the cause was transferred to that court as well as Jesco’s failure to commence its suit to establish and enforce its claim for a construction lien against the property of Central Grain in the circuit court within twelve months after the time when the money claimed to be due by appellant came due and payable by way of plea in bar in its answer and by way of objections to the evidence, a motion for a directed verdict, a request for a peremptory instruction and motion for a new trial. All of said motions, objections and pleas were overruled.
A verdict was rendered against Central Grain in the amount of $22,815.47 and a materialman’s lien established on Central Grain’s property.
The trial court should have dismissed the cause when Jesco failed to file its declaration within thirty days as required by section 11-1-39. This is true even though the parties continued discovery and communicated by letter with one another after the cause was transferred from chancery court to circuit court. See Warren v. Smith-Vaniz, 382 So.2d 1088 (Miss.1980) and Commercial National Bank v. Fleetwood Homes, 398 So.2d 659 (Miss.1981).
However, since Jesco did in fact file its declaration and Central Grain answered it joining issue and continued to participate in the trial of the cause until judgment, the record covering four volumes and being 641 pages, we find that the judgment should be allowed to stand.
Central Grain suffered no prejudice during the course of the trial and does not raise on appeal any questions concerning the trial of the cause. No good purpose would be served by requiring these parties and the court to undergo another extensive trial, incurring large sums of additional expense and consuming valuable judicial time.
However, the materialman’s lien established by the circuit court on Central Grain’s properties must be set aside because Jesco’s declaration to establish the lien was not filed in the circuit court within one year after the indebtedness became due and payable as required by Mississippi Code Annotated section 85-7-141 (1972). Jesco’s declaration was not filed until October 6, 1980. This was approximately twenty months after the indebtedness became due and payable.
The judgment of the circuit court is reversed as to the imposition of a material-man’s lien on the properties of Central Grain. The judgment of the circuit court is affirmed as to its jury verdict ^jn the amount of $22,815.47.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.
SMITH and SUGG, P. JJ., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS and DAN M. LEE, JJ., concur.
PATTERSON, C. J., took no part.

. When the papers have been deposited in the court to which the cause was transferred, all the parties to the proceeding shall take notice of the fact of the transfer; and the complainant or plaintiff shall file his declaration or bill in the court to which the cause was transferred within thirty days, unless the court, judge, or chancellor shall restrict the time or grant further time; and the defendant shall plead within thirty days thereafter, unless the time, by like means, be restricted or extended. And the cause shall be proceeded with as if it had been originally begun in that court, as of the date on which the cause was originally instituted.