ORDER

This matter comes before the Court, sitting en banc, on the State’s request for reconsideration and supplemental response to *21 emergency motion of appellant for stay of execution of judgment pending appeal and for approval of terms and conditions of stay and Appellant’s motion to strike State’s request for reconsideration and supplemental response to the emergency motion of appellant. The Court finds that the motions should be denied. The Court on its own motion dissolves the stay entered in this cause on December 14,1995.
IT IS THEREFORE ORDERED that the State’s request for reconsideration and supplemental response to emergency motion of appellant for stay of execution of judgment pending appeal and for approval of terms and conditions of stay is denied. Appellant’s motion to strike State’s request for reconsideration and supplemental response to the emergency motion of appellant is denied. The stay entered in this cause on December 14, 1995 by the Court is hereby dissolved.
SO ORDERED.
FOR THE COURT:
/s/ Lenore L. Prather Lenore L. Prather Presiding Justice
On State’s Motion to reconsider: DAN M. LEE, C.J., PRATHER, SULLIVAN, P.JJ., and BANKS, McRAE, ROBERTS and MILLS, JJ., would deny; PITTMAN and SMITH, JJ., would grant.
On Appellant’s motion to strike: DAN M. LEE, C.J., and McRAE, J., would grant.
On dissolving stay: DAN M. LEE, C.J., and BANKS and McRAE, JJ., dissent.
McRAE, Justice, Statement on Order:
Because M.R.AP. 40 makes no provision for the rehearing or reconsideration of orders entered on motions and because the Attorney General’s Office has so thoroughly failed to follow our rules and procedures, I disagree with the majority’s decision to, in effect, grant the State’s motion to reconsider our December 14, 1995 en banc order and vacate our stay of the circuit court’s order to remove Sheriff Barrett from office. Six justices, after reading the order as published in the appendix, voted to enter that order as written.[1] The majority, in its rush to oblige, now vacates our order and reinstates the circuit court’s order, effectively throwing out the requirement that a final judgment of conviction is required to remove a public official from office. Bucklew v. State, 192 So.2d 275 (Miss.1966). However, once the State’s motion to reconsider was denied by a vote of 7-2, the matter should have ended since there was nothing else before us to consider. Gamesmanship got the upper hand, leading the majority, on its own motion, to dissolve the stay entered on December 14, 1995, thereby saying that it is not even necessary to have a final, certified copy of a foreign judgment. Since the majority’s “knee jerk” reactions to these improperly filed motions have made this Court appear inconsistent, I dissent.
The Office of the Attorney General, which provides legal counsel for all State offices, is charged with the same responsibility as any public defender, district attorney or private attorney. In this case, the State has not been served well; rather, its attorneys have tread on thin ice, providing less than effective assistance of counsel in a series of legal maneuvers that have sent this Court reeling. To begin with, the State filed its Motion for Removal from Office in the Warren County Circuit Court on October 24, 1995, without first obtaining a certified copy of a final, judgment of conviction. On December 13, 1995, the State filed in this Court its Response to Emergency Motion of Appellant for Stay of Execution of Judgment Pending Appeal and for Approval of Terms and Conditions of Stay. To further compound its error, though, it apparently did so without first making inquiry into whether the United States District Court for the District of Columbia had ruled on Barrett’s post-trial motions. As a court of appeals, this Court cannot rule on evidence not put before it in the record. Mississippi Constitution of 1890, art. 6, see. 146. Thus, it was incumbent upon the State, and not this Court, to have made inquiry into the status of Barrett’s post-trial motions before filing its responsive pleadings to his motion for stay. The failure *22 of Attorney General’s Office to keep timely abreast of the District Court’s actions and properly inform us of orders entered in this highly-publicized case has resulted in a series of knee-jerk decisions by this Court, which have kept us from other pressing matters long awaiting our attention. Apparently, we now require only a guilty verdict and not a final judgment or conviction to remove an official from office.
The Attorney General’s Office further has fallen short of its responsibility by filing an inappropriate and procedurally incorrect motion, to wit: the December 15, 1995 Request for Reconsideration and Supplemental Response to Emergency Motion of Appellant for Stay of Execution of Judgment Pending Appeal and for Approval of Terms and Conditions of Stay. Obviously, this Court does not entertain petitions for rehearing on motions. “Petitions for rehearing are limited to cases on the merits.” Comment, M.R.A.P. 40 (1995). Therefore, reconsideration of the order granting Barrett’s motion for stay would not be appropriate. Although the majority has denied the motion to reconsider, on what basis does the majority withdraw the order? Nothing new has been properly presented to this Court since our order was entered. We denied the State’s motion to reconsider, leaving nothing before us since the December 14, 1995 order. The State is claiming that the facts at the time that it originally filed its motion with this Court have changed. M.R.A.P. 40 provides that a petition for rehearing is “used to call attention to specific errors of law or fact which the opinion is thought to contain.” Based on the original record presented to this Court, the State fails to point to any error in law or fact. Instead, the majority accepts new evidence for the first time without it having been presented in the court below. This Court is an appellate court, and not a court of original jurisdiction. Mississippi ' Constitution of 1890, art. 6, sec. 146; see State v. Keeton, 176 Miss. 590, 169 So. 760 (1936); White v. State, 159 Miss. 207, 131 So. 96 (1930). We do not have the “power to alter, amend or correct the records of trial courts in respect to the contents or recitals of those records.” Brown v. Sutton, 158 Miss. 78, 121 So. 835, 837 (1929). The power to amend a record does not fall within the powers given this Court incidental to carrying out its appellate function. Id.
This Court initially denied the State’s motion to remove Sheriff Barrett on the grounds that the motion was prematurely filed. In addition, although this Court does not have jurisdiction to review the “new evidence” presented in this case, a lower court likewise would be prevented where the State has failed to produce a certified copy of a ruling on Barrett’s motion for a new trial as was required by the order entered just days ago by this Court.
At best, today’s decision afreets only the last two weeks of the term of office Barrett is currently serving. In Cumbest v. Commissioners of Election, 416 So.2d 683 (Miss.1982), where a former supervisor was removed from office after his conviction for committing fraud in public office, we held that his right to hold that office was extinguished “for the remainder of the term to which he was elected.” Id. at 689.[2] Thus, the removal of Barrett from office prior to the entry of a final judgment in his case is valid only from the date of the order removing him from office through the end of his present term — December 31, 1995. The new term to which he was elected in November, 1995, which begins on January 1, 1996, the first Monday of the January following the election pursuant to Miss.Code Ann. § 25-1-5, is not affected by the majority decision today.
Miss.Code Ann. § 25-5-1, under which the Attorney General seeks to remove Barrett from office, contains no language forever barring an official from holding office if “convicted” or “found guilty” of a crime. To the contrary, it provides merely for “removal from office,” (referring to that term of office only). Section 25-5-1 provides as follows:
If any public officer, state, district, county or municipal, shall be convicted in any *23 court of this state or any other state or in any federal court of any felony other than manslaughter ... any court of this state, in addition to such other punishment as may be prescribed, shall adjudge the defendant removed from office; and the office of the defendant shall thereby become vacant....
When any such officer is found guilty of a crime which is a felony under the laws of this state or which is punishable by imprisonment for one (1) year or more, other than manslaughter or any violation of the United States Internal Revenue code, in a federal court or a court of competent jurisdiction of any other state, the Attorney General of the State of Mississippi shall promptly enter a motion for removal from office in the circuit court of Hinds County in the case of a state officer, and in the circuit court of the county of residence in the ease of a district, county or municipal officer. The court, or the judge in vacation, shall, upon notice and a proper hearing, issue an order removing such person from office and the vacancy shall be filled as provided by law.
Because § 25-5-1 is penal in nature and leaves the official whose removal is sought with no recourse or remedy, it must be construed in his favor. See Smith v. Dorsey, 599 So.2d 529 (Miss.1991); Commercial National Bank v. Fleetwood Homes of Mississippi, 398 So.2d 659, 661 (Miss.1981). Consequently, reading the statute together with Gumbest, it is apparent that our power to remove Sheriff Barrett is limited to his present term of office. Whatever our actions today, nothing in § 25-5-1 prevents Barrett from beginning his new term as sheriff on January 1,1996. Ironically, while his conviction for perjury in federal court may serve to remove him from his present term of office, since it is not final, it should not disqualify him from beginning his new term. State ex rel. Muirhead v. State Board of Election Commissioners, 259 So.2d 698 (Miss.1972) (federal conviction no bar to holding seat in State Senate despite Mississippi Constitution of 1890, art. 4, § 44); State ex rel. Mitchell v. McDonald, 164 Miss. 405, 145 So. 508 (1933) (guilty plea to perjury charges in federal court did not disqualify official from holding county office). But see Mississippi Constitution of 1890, art. 4, § 44(2) (as amended 1992) (person convicted of felony in federal court cannot hold “any office of profit or trust”); Miss.Code Ann. § 99-19-35 (person convicted of perjury cannot practice medicine, dentistry “or be appointed to hold or perform the duties of any office of profit, trust, or honor, unless after full pardon for the same”).
The Attorney General’s offices are located on the fifth floor of the Gartin Justice Building; the Supreme Court is housed just one floor below. The events of the past week have illustrated the wisdom of this arrangement since, clearly, someone is above the laws and rules of this Court. The majority has elected to consider “new evidence.” However, without a certified copy of the District Court’s order, there is nothing new to consider. Instead, the majority makes new law, allowing an official to be removed from office without a final judgment or proof thereof. Accordingly, I dissent.
APPENDIX A
IN THE SUPREME COURT OF MISSISSIPPI
NO. 95-M-01240-SCT
Paul L. Barrett
v.
State of Mississippi

ORDER

This matter came before the Court on Barrett’s Emergency Motion of Appellant for Stay of Execution of Judgment Pending Appeal and for Approval of Terms and Conditions of Stay. By order dated December 12, 1995, this Court stayed any order of the circuit court removing Barrett from office until 2:00 p.m., December 13, 1995, and by order dated December 13, 1995, this Court further stayed the order of the circuit court removing Barrett from office until 2:00 p.m., December 15,1995.
The Court finds that because no final judgment has been entered “convicting” Sheriff Barrett of any wrongdoing, the circuit court’s order removing Barrett from office is prema *24 ture. The Court further finds that the order entered by the circuit court removing Barrett from office must be stayed until the post-trial motions filed in his case have been disposed of by the United States District Court for the District of Columbia.
“[NJothing less than a final judgment, conclusively establishing guilt, will satisfy the meaning of the word ‘conviction.’” Murphree v. Hudnall, 278 So.2d 427, 428 (Miss.1973), citing City of Boston v. Santosuosso, 307 Mass. 302, 30 N.E.2d 278 (1940). An order which merely states that an individual has been found guilty does not qualify as a final judgment. Murphree, 278 So.2d at 428; see Mississippi Bar v. Attorney G, 630 So.2d 344, 348 (Miss.1994) (plea of guilty does not qualify as “conviction”); see also Keithler v. State, 18 Miss. (10 Sm. & M.) 192, 236 (1848) (“we cannot doubt but what the legislature used the word “conviction” in its broadest sense, as one under judgment”).[1] Nor will this Court accept jurisdiction over an appeal in this State until the post-trial motion for a new trial has been resolved. Miss.R.App. Pro.Rules 4(d) — (e); Beckwith v. State, 615 So.2d 1134, 1142 (Miss.1992); Cotton v. Veterans Cab Co., 344 So.2d 730, 731 (Miss.1977).
In Bucklew v. State, 192 So.2d 275 (Miss.1966), a public official was found guilty of attempted embezzlement of city funds. This Court determined that he properly was removed from office only because a judgment of conviction had been entered and a motion for new trial denied in the matter. Id. In the case at hand, the State has failed to offer a certified copy of the judgment, as there has been no final judgment of conviction entered against Barrett. His motion for judgment of acquittal or in the alternative, for a new trial, is currently pending before the United States District Court for the District of Columbia. There can be no final judgment entered in that matter without a ruling on that motion, and no “conviction” exists where the court has yet to enter an order of final judgment. Accordingly, there must be an entry of judgment to establish a conviction before Barrett may be removed from office, and there can be no conviction at least until the post-trial motions in this matter are resolved.
THEREFORE, IT IS ORDERED that the stay entered by this Court on December 13, 1995 be, and hereby is extended until further order of this Court. The order entered by the circuit court removing Barrett from office is hereby stayed until further order of this Court. Opinions will follow.
SO ORDERED, this the 14th day of December, 1995.
/s/ Chuck R. McRae FOR THE COURT
LEE, C.J., PRATHER, P.J., and BANKS, McRAE, ROBERTS and SMITH, JJ., concur.
SULLIVAN, P.J., and PITTMAN and MILLS, JJ., dissent.

. See Appendix A.

. Cumbest did not seek re-election. However, this Court held that he did not have standing to stay the election filling the remainder of his term.

. This Court also has interpreted the word "conviction” to require a sentence in addition to judgment. Lang v. State, 238 Miss. 677, 680, 119 So.2d 608 (1960). However, it is suggested only that the post-trial motions be resolved before there exists a "conviction."