KITCHENS, Justice,
specially concurring:
¶43. I agree with the majority that Erik Hollie’s guilty pleas, convictions, and sentences should be reversed and the case should be remanded. Because jeopardy attached to the sentencing portion of Hollie’s trial, the State is prohibited from seeking the death penalty on remand. I therefore concur specially.
A. The State presented insufficient evidence during the sentencing phase that Hollie previously had been convicted of a felony involving the use or threat of violence.
¶ 44. Under Section 99-19-105 of the Mississippi Code, this Court must review a death sentence to determine “[wjhether the evidence supports the jury’s ... finding of a statutory aggravating circumstance as enumerated in Section 99 — 19— 101.” Miss.Code Ann. § 99 — 19—105(3)(b) (Rev.2007). Of relevance, Section 99-19-101 provides the following aggravating circumstance: “[tjhe defendant was previously convicted, of another capital offense or of a felony involving the use or threat of violence to the person.” Miss.Code. Ann. § 99-19-101(5)(b) (Rev.2007) (emphasis added).
¶ 45. On January 10, 2010, Hollie pled guilty to the September 6, 2009, armed robbery of Lalit Patel. During the course of the plea hearing, the trial judge found that there was a factual basis to support the armed robbery charge, accepted Hollie’s guilty plea, and adjudicated him guilty of armed robbery. At the same time the trial court accepted Hollie’s guilty plea for the armed robbery, it also accepted his guilty plea on the capital murder charge. At that time, the trial court did not sentence Hollie on the armed robbery charge and it did not enter a judgment of conviction on its minutes. On March 12, 2010, the trial court placed the transcript of the guilty plea hearing into the court file. On March 16, 2010, the trial court conducted Hollie’s sentencing trial for a jury to determine whether he should be sentenced to death on the capital murder charge. The State argued that Hollie deserved the death penalty on the basis of two aggravating factors: (1) that Hollie previously had been convicted of a felony involving the threat or use of violence and (2) that the capital murder was committed during the commission of a felony. The sole evidence adduced by the prosecution in support of the allegation that Hollie previously had been convicted of a violent felony was the transcript of the plea hearing during which Hollie had pled guilty to the September 6, 2009, armed robbery. When the case was submitted to the jury, the trial court gave the jury the following instruction:
Consider only the following elements of aggravation in determining whether the death penalty should be imposed:
(1) Whether the defendant has been previously convicted of another capital offense or of a felony involving the use or threat of violence to the person.
*836 (2) Whether the capital offense was committed while the defendant was engaged in the commission of a robbery.
The, jury determined that Hollie should receive the death penalty. The jury based its verdict in support of Hollie’s death sentence upon but one of the potential aggravating circumstances: the “prior violent felony conviction” aggravator. According to the jury’s verdict:
Next, we, the jury, unanimously find that the aggravating circumstances of (list or itemize all of the aggravating circumstances presented in section B of this instruction) which you unanimously agree existed in this case beyond a reasonable doubt.
Mr. Hollie pled guilty to armed robbery on November the 6th, 2009.
Incident occurred on September 6th, 2009.
It was not until after the jury had rendered its decision that Hollie should be sentenced to death that the trial court entered a sentencing order and judgment of conviction on Hollie’s September 6, 2009, armed robbery charge.
¶ 46. The plain language of Section 99-19-101 requires that “[t]he defendant was previously convicted ... of a felony involving the use or threat of violence to the person.” Miss.Code. Ann. § 99-19-101(5)(b) (emphasis added). Here, the jury found that Hollie had “pled guilty” to armed robbery. This might be considered a harmless error of form but for the fact that the State merely had adduced evidence that. Hollie had pled guilty to armed robbery but not that he had been convicted of that charge. In fact, at the point in time when the jury announced its verdict, Hollie had not been convicted of armed robbery.
¶ 47. This Court’s interpretation of the term conviction in Section 99-19-101 is governed by the rule of lenity. The rule of lenity reflects a well-established rule “that penal statutes are to be interpreted strictly against the state and construed liberally in favor of the accused.” McLamb v. State, 456 So.2d 743, 745 (Miss.1984). The rule of lenity “reflects not merely a convenient maxim of statutory construction. Rather, it is rooted in fundamental principles of due process.” Dunn v. United States, 442 U.S. 100, 112, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979); Watts v. State, 733 So.2d 214, 240 (Miss.1999). Moreover, because “death undeniably is different,” we recognize that “procedural niceties give way to the search for substantial justice.” Hansen v. State, 592 So.2d 114, 142 (Miss.1991). Under our heightened standard of review in death penalty cases, “all doubts are to be resolved in favor of the accused.” Chamberlin v. State, 989 So.2d 320, 330 (Miss.2008) (citing Lynch v. State, 951 So.2d 549, 555 (Miss.2007)) (emphasis added).
¶ 48. We have held that “nothing less than a final judgment, conclusively establishing guilt, will satisfy the meaning of the word ‘conviction.’ ” Murphree v. Hudnall, 278 So.2d 427, 428 (Miss.1973) (citing City of Boston v. Santosuosso, 307 Mass. 302, 30 N.E.2d 278 (1940)); accord Keithler v. State, 18 Miss. 192, 236 (1848) (“Judgment amounts to conviction.... We cannot doubt but what the legislature used the word ‘conviction’ in its broadest sense, as one under judgment.”). “This Court ... has interpreted the word ‘conviction’ to require a sentence in addition to judgment.” Barrett v. State, 670 So.2d 20, n. 1 (Miss.1995) (citing Lang v. State, 238 Miss. 677, 680, 119 So.2d 608 (1960)) (emphasis added). Moreover, it is well established that a circuit court can speak only through its minutes. Oliver v. Miles, 144 Miss. 852, 110 So. 666, 667 (1926). Thus, in order for the circuit court’s intention to become a final judgment, it must be en *837 tered formally into the minutes of the court. See Williams v. State, 125 Miss. 347, 87 So. 672, 672-73 (Miss.1921). Given that a “conviction” requires proof of a final judgment and a sentence entered into the circuit court’s minutes, a “plea of guilty alone does not qualify as conviction.” Barrett, 670 So.2d at 24; accord McIlwain v. State, 700. So.2d 586, 589—90 (Miss.1997) (“[T]he introduction of the ... entry of guilty plea form is irrelevant to the proof of the prior conviction”).
¶ 49. When the sentencing trial for Hollie’s capital murder charge commenced, Hollie had pled guilty to armed robbery. The trial court had not entered into its minutes a final judgment against Hollie on. the armed robbery charge, and the trial court had not sentenced Hollie on that charge. Hollie therefore had not been convicted pursuant .to Mississippi law. Moreover, the State introduced Hollie’s plea hearing transcript into evidence, as proof that he previously had been convicted of a felony involving the use or threat of violence. Because evidence of a guilty plea alone does not qualify as a conviction, the State did not provide sufficient evidence to support the sole aggravating factor for Hollie’s death sentence. See Barrett, 670 So.2d at 24.
B. The Mississippi Constitution’s Double Jeopardy Clause and Mississippi case law prohibit the State from seeking the death penalty on remand.
¶ 50. Article 3, Section 22, of the Mississippi Constitution provides, “No person’s life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution.” Miss. Const, art. 3, § 22. Adhering to the Mississippi Constitution, this Court has held that an habitual offender’s sentencing hearing, as a trial on the sentence, constitutes jeopardy; therefore, when a defendant’s sentence “has been overturned due to a failure of proof . at trial, ... the prosecution cannot complain of prejudice.” DeBussi v. State, 453 So.2d 1030 (Miss.1984) (quoting Burks v. United States, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)), superseded in part on,other grounds by M.R.E. 901, as recognized in Cox v. State, 586 So.2d 761, 765 (Miss.1991); see also Bullington v. Missouri, 451 U.S. 430, 446, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981) (“Because the sentencing proceeding at petitioner’s first trial was like the trial on the question of guilt or innocence,.the protection afforded by -the Double Jeopardy Clause to one acquitted by a jury also is available to him, with respect to the death penalty, at his retrial.”). Furthermore, this Court expressly has rejected differentiating between the guilt phase of a trial and a sentencing phase of a trial for the purpose of the attachment of jeopardy. See DeBussi v. State, 453 So.2d 1030 (Miss.1984). Given that this’ Court has held that jeopardy attaches to sentencing hearings for the purpose of habitual offender sentencing, there is no rational reason to hold that sentencing hearings in death penalty cases are not similarly protected by the Mississippi Constitution’s prohibition against double jeopardy. Id. at 1033 (“Our habitual offender sentencing procedure resembles in all relevant respects the sentencing phase of ' capital crimes. A separate trial is conducted on the sentencing’issue.... The state is required to prove the' defendant guilty of additional facts which justify the sentence sought to be imposed.... The state’s burden of proof is beyond 'a reasonable doubt.”) (internal citations omitted); accord Bullington, 451 U.S. at 446, 101 S.Ct. 1852 (extending double jeopardy protection under the U.S. Constitution to a jury’s *838 decision not to sentence a criminal defendant to the death penalty).
¶ 51. In Grayer v. State, 120 So.3d 964 (Miss.2013), the accused was indicted as an habitual offender under Mississippi Code Section 99-19-81, which required proof that he previously had been convicted of two prior felonies. Id. at 967. After a jury had found Grayer guilty of a burglary charge, the trial court conducted a sentencing hearing to determine whether he should be sentenced as an habitual offender. Id. After the sentencing hearing had commenced, the State offered to recite the nature of the previous convictions, and the State’s counsel also informed the trial court that it had copies of the certified sentencing orders. Id. The court directed the State to recite Grayer’s previous convictions, and the State’s counsel complied. The trial judge asked whether the certified sentencing orders reflected Grayer’s previous convictions and whether the sentencing orders had been provided to defense counsel. Id. The trial judge then stated, “I see what you have contained in your hands in the indictment. So there’s no need for you to present them to the court at this time.” Id. The trial judge ruled that Grayer was an habitual offender and sentenced him to the maximum term of imprisonment for burglary of a building. Id. Other than the indictment itself and the State’s verbal recitation of Grayer’s previous convictions, the record contained no evidence to support Grayer’s status as an habitual offender. Id.
¶ 52. On appeal, Grayer argued that the State had failed to prove his previous convictions with competent evidence. Id. at 969. This Court agreed, holding that the “best evidence of a conviction is the judgment of conviction.” Id. (quoting McIlwain, 700 So.2d at 589). The Court found that “the circuit court committed error, rising to the level of plain error, by sentencing Grayer as a habitual offender without evidence of his prior convictions.” Id.
¶ 53. The Court further held that “the State is not entitled to a second chance to prove a defendant’s habitual — offender status on remand, because that would violate the prohibition against double jeopardy under the Mississippi Constitution.” Id. at 969-70. Relying on this Court’s decision in Ellis v. State, 520 So.2d 495 (Miss.1988), the Court held that:
[A]n habitual offender’s sentencing hearing, as a trial on the sentence, constitutes jeopardy; therefore, when a defendant’s conviction has been overturned due to a failure of proof at trial, ... the prosecution cannot complain of prejudice, for it has been given one fair opportunity to offer whatever proof it could assemble.
Grayer, 120 So.3d at 970 (quoting Ellis, 520 So.2d at 496).
¶ 54. Taking into consideration this Court’s interpretation of the Mississippi Constitution’s Double Jeopardy Clause, it cannot reasonably be argued that the State can pursue a death penalty sentence on remand. The State argued that Hollie deserved the death penalty on the basis of two aggravating factors: that Hollie previously had been convicted of a felony involving the threat or use of violence and that the capital murder was committed during the commission of a felony. In its instructions to the jury, the trial court required that the jury “itemize all of the aggravating circumstances presented ... which you unanimously agree existed in this case beyond a reasonable doubt.” The sole aggravator the jury found beyond a reasonable doubt was that Hollie previously had been convicted of a felony involving the threat or use of violence. It is well established that the State did not provide sufficient proof of this conviction, because Hollie had not yet been convicted *839 of armed robbery, and all the State offered in support of this aggravator was the transcript of Hollie’s guilty plea. Because the jury did not find that the capital murder had been committed during the course of a felony, Hollie would have received a life sentence, inasmuch as the only aggravator found by the jury was insufficient. Instead, the jury found that Hollie should be sentenced to death, based on an aggravator that was not supported by sufficient evidence.[7] It would be unfair and unconstitutional to allow the State to pursue a death sentence, when it already has had the opportunity to prove its case and has failed to do so. Grayer, 120 So.3d at 970.
CONCLUSION
¶ 55. In sum, I specially concur because the Double Jeopardy Clause of the Mississippi Constitution prohibits the State’s seeking a death sentence on remand.
WALLER, C.J., DICKINSON, P.J., AND KING., J., JOIN THIS OPINION.

. This case is distinguishable from our decision in Taylor v. State, 672 So.2d 1246 (Miss.1996), in which this Court found that three out of the five aggravating factors found by the jury were not supported by sufficient evidence. Id. at 1274-75. In Taylor, the prosecution had adduced sufficient evidence of two aggravating factors. Id. at 1274-75. Thus, the prosecution had proved beyond a reasonable doubt that Taylor deserved a death sentence. Here, the sole aggravating factor found by the jury was not supported by sufficient evidence. In other words, the prosecution has not proved beyond a reasonable doubt that Hollie deserved a death sentence. Thus, although we remanded Taylor for resen-tencing, that is not an appropriate remedy in this case, because resentencing would violate Hollie's constitutional rights.